theleon upon the ground " that the contract is definite on its face and that the evidence offered is not admissible to alter or change the effect thereof; that plaintiff was to be paid a commission on the gross selling price of the timber, but in place thereof he has recovered judgment based upon an estimate made by some other person upon the amount of timber on the property."

*William H. Janes* and *D. Theodore Kelly* for appellant. *Cornelius C. Webster, Paul Bonynge* and *Werner Ilsen* for respondent.

Order affirmed and judgment absolute ordered against appellant on the stipulation, with costs in all courts; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN and CRANE, JJ. Absent: ANDREWS, J.

---

WILLIAM H. BALDWIN et al., Copartners under the Firm Name of WOODWARD, BALDWIN & COMPANY, Respondents, *v.* CARAVEL COMPANY, INC., Appellant.

*Contract — sale — action to recover for goods sold and delivered — defense of rescission.*

Baldwin v. *Caravel Co., Inc.*, 202 App. Div. 743, affirmed.
(Argued May 4, 1923; decided May 29, 1923.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 2, 1922, unanimously affirming a judgment in favor of plaintiffs entered upon a verdict directed by the court. The action was to recover for goods alleged to have been sold and delivered. The defense was rescission on the ground that the shipment was not made as required by the contract and that the merchandise was not in accordance with the specifications. The trial court held that delivery had been made, that the right of inspection had been waived and that defendant had lost the right to rescind.

*Oswald N. Jacoby* and *Albert T. Scharps* for appellant. *Joseph Rowan* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: Hiscock, Ch. J., Hogan, Pound, McLaughlin and Crane, JJ. Not voting: Cardozo, J. Absent: Andrews, J.

---

Nellie E. L. Kezer, Respondent, *v.* Myra Seely et al., Appellants.

*Real property — decedent's estate — contract — specific performance — invalid oral agreement to convey land — alleged verbal promise b·· decedent to leave property to plaintiff in consideration of her livin̦ with her as companion — when specific performance improperly decreed.*

*Kezer* v. *Seely,* 198 App. Div. 979, reversed.

(Argued May 4, 1923; decided May 29, 1923.)

Appeal, by permission, from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered December 2, 1921, unanimously affirming a judgment in favor of plaintiff entered upon the report of a referee. The action was to compel specific performance of an alleged oral contract between plaintiff and one Zina Sledge, deceased, whereby the said decedent promised to leave to plaintiff all of her property in consideration of plaintiff's agreement to live with the decedent as companion and attendant until her death. The complaint alleged performance on the part of plaintiff and demanded judgment that defendants execute and deliver to her a conveyance of their rights in real property left by said decedent. The answer denies the existence of .the contract and the performance thereof, and as a separate defense averred that said contract or agreement was not in writing and, therefore, void under the Statute of Frauds.

*Mortimer L. Sullivan* for appellants.

*Benjamin F. Levy* for respondent.

Judgments reversed and complaint dismissed, with costs in all courts, on authority of *Burns* v. *McCormick* (233 N. Y. 230).

Concur: Hiscock, Ch. J., Hogan, Cardozo, Pound, McLaughlin and Crane, JJ. Absent: Andrews, J.